IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 04–cv–02536–EWN

VICTORIA KATCHEN,

    Plaintiff,

v.

MICHAEL ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

**ORDER AND MEMORANDUM OF DECISION**
_____

This matter comes before the court on "Plaintiff's Unopposed Motion for Approval of Attorney Fees Under 42 U.S.C. § 406(b)," filed July 14, 2007. Plaintiff's counsel seeks $3,875.00 in fees, representing the balance due on twenty-five percent of the past-due benefits to which Plaintiff is entitled.

On January 20, 2006, this court reversed Defendant's decision as to Plaintiff's disability and remanded the case for additional proceedings. (Order and Mem. of Decision [filed Jan. 20, 2006].) On remand, the Social Security Agency awarded Plaintiff benefits. (Pl.'s Unopposed Mot. for Approval of Att'ys' Fees Under 42 U.S.C. § 406[b], Ex. 1 [Notice of Award] [filed July 14, 2007] [hereinafter "Mot."].) As a result of the successful outcome of the case, Defendant awarded Plaintiff $36,700 in retroactive benefits. (*Id.* at 2.) Defendant has withheld $9,175 —

twenty-five percent of the award — in order to pay attorney fees. (*Id.*) To date, Plaintiff's counsel has been paid $5,300 in fees, pursuant to 42 U.S.C. § 406(a). (*Id.*)

In the motion now before the court, Plaintiff notes that on December 9, 2004, she and her counsel entered into an agreement contemplating an attorney fee of twenty-five percent of any past-due benefits awarded, contingent upon a successful outcome in her case. (*Id.*) Plaintiff now invokes 42 U.S.C. § 406(b) and seeks payment of the $3,875 balance remaining to effect payment of the full twenty-five percent. (*Id.*) 42 U.S.C. § 406(b) provides that:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of [twenty-five] percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C.A. § 406(b) (West 2007). "[Section] 406(b) calls for court review of [contingency fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Social security benefits contingency fee agreements are "unenforceable to the extent that they provide for fees exceeding [twenty-five] percent of the past-due benefits," but "[w]ithin the [twenty-five] percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

As set forth above, in this case: (1) Plaintiff's agreement with her counsel contemplated a fee of twenty-five percent of any past-due benefits awarded; and (2) Defendant has withheld the same percentage of the award for the purpose of paying attorney fees. Accordingly, the court examines only whether Plaintiff has established that the fee sought is reasonable. Plaintiff has

easily met this burden.  Plaintiff avers to her understanding and acceptance of the twenty-five percent fee and underscores: (1) the favorable results of the case, including Plaintiff's entitlement to past-due benefits, ongoing benefits, and Medicare benefits; and (2) the extensive time (29.3 hours) Plaintiff's counsel expended in litigation.  (Mot. at 3, Ex. 3 [Katchen Aff.].)  The positive outcome and time spent, coupled with the facts that the contingency fee itself is within the statutory limits and Defendant makes no objection, convince the court that the fee agreement was reasonable and should be upheld.

Accordingly, it is therefore ORDERED that Plaintiff's motion for attorney fees (# 27) is GRANTED.  Defendant shall relinquish to Plaintiff the withheld monies in the amount of $3,875.00 in order to pay her attorney fees.

Dated this 28th day of September, 2007.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge